

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Dr. Geo. W. Cox
State Health Officer
Austin, Texas

Opinion No. O-1434
Re: Is there anything in the rider to
the Appropriation Bill (S.B. 427) which
would prevent the employment of a direc-
tor of Public Health Education to supply
the public with information?
Which of the two articles submitted is

Dear Sir:                preferable?

        Your request for an opinion on the following questions
has been received.

        "Will you please give me an opinion regard-
ing the rider to the  Appropriation Bill (SB 427)
found in the third paragraph, page 150 of the
Senate Journal for Tuesday, June 13, 1939.  This
is in regard to supplying the public with informa-
tion.

        " ***  The expense for this work is borne
entirely by funds granted this Department by the
United States Public Health Service, through Title
VI of the Social Security Act.

        "I am enclosing two articles, one of which
quotes me as State Health Officer, and the other
makes no personal reference, but does carry my
name at top of the page as the one authorized to
issue this information.  Which of these is prefer-
able for us to use?

        " ***

        "Is there anything in the rider in question
that would prevent the employment of a director
of Public Health Education and the performance of
his duties as described above.  His salary is paid
by the United States Public Health Service, and
his duties are outlined in the approved plan for
health work in Texas.  This is considered an out-
standing work by the United States Public Health
Service, and I am sure will be required should we
continue to receive the amount allotted to Texas."

No provision is made or specific salary appropriated for the position of a"Director of Public Health Education" in the itemized State Board and Department of Health appropriation in Senate Bill 427. Consequently, such an official, if appointed, could not be compensated out of state funds.

Your request, however, concerns the authority of the Board of Health to make the appointment of such an official when his compensation is to be paid out of funds granted the State Board of Health by the United States Public Health Service under Title VI of the Federal Social Security Act.

As respects to United States Funds and Aid, the General Departmental Appropriation Bill rider provides as follows:

"The proper officer or officers of any State Departments, bureaus, or divisions of State agencies are hereby authorized to make application for and accept any gifts, grants, or allotments of funds from the United States Government to be used on State cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs, and improvements. Any of such Federal Funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government."

Title VI of the Social Security Act (Title 42 U.S.C.A. § 801 through 803) reads as follows:

§ 801. APPROPRIATION
"For the purpose of assisting States, counties, health districts, and other political subdivisions of the States in establishing and maintaining adequate public-health services, including the training of personnel for State and local health work, there is hereby authorized to be appropriated for each fiscal year, beginning with the fiscal year ending June 30, 1936, the sum of $8,000,000 to be used as hereinafter provided." (Underscoring ours)

§ 802. ALLOTMENT OF APPROPRIATION TO STATES
"(a) The Surgeon General of the Public Health Service, with the approval of the Secretary of the Treasury, shall, at the beginning of each fiscal year, allot to the States the total of (1) the amount appropriated for such year pursuant to section 801 of this chapter; and (2) the amounts of the allotments under

this section for the preceding fiscal year remaining unpaid to the States at the end of such fiscal year. The amounts of such allotments shall be determined on the basis of (1) the population; (2) the special health problems; and (3) the financial needs; of the respective States. Upon making such allotments the Surgeon General of the Public Health Service shall certify the amounts thereof to the Secretary of the Treasury.

"(b) The amount of an allotment to any State under subsection (a) for any fiscal year, remaining unpaid at the end of such fiscal year, shall be available for allotment to States under subsection (a) for the succeeding fiscal year, in addition to the amount appropriated for such year.

"(c) Prior to the beginning of each quarter of the fiscal year, the Surgeon General of the Public Health Service shall, with the approval of the Secretary of the Treasury, determine in accordance with rules and regulations previously prescribed by such Surgeon General after consultation with a conference of the State and Territorial health authorities, the amount to be paid to each State for such quarter from the allotment to such State, and shall certify the amount so determined to the Secretary of the Treasury. Upon receipt of such certification, the Secretary of the Treasury shall, through the Division of Disbursement of the Treasury Department and prior to audit or settlement by the General Accounting Office, pay in accordance with such certification.

"(d) The moneys so paid to any State shall be expended solely in carrying out the purposes specified in section 801 of this chapter, and in accordance with plans presented by the health authority of such State and approved by the Surgeon General of the Public Health Service. (Underscoring ours)

§ 803. INVESTIGATIONS BY PUBLIC HEALTH SERVICE: APPROPRIATION: ANNUAL REPORT TO CONGRESS
"(a) There is hereby authorized to be appropriated for each fiscal year, beginning with the fiscal year ending June 30, 1936, the sum of $2,000,000 for expenditure by the Public Health Service for investigation of disease and problems of sanitation

(including the printing and binding of the findings of such investigations), and for the pay and allowances and traveling expenses of personnel of the Public Health Service, including commissioned officers, engaged in such investigations or detailed to cooperate with the health authorities of any State in carrying out the purposes specified in Section 801 of this chapter: Provided, That no personnel of the Public Health Service shall be detailed to cooperate with the health authorities of any State except at the request of the proper authorities of such State.

"(b) The personnel of the Public Health Service paid from any appropriation not made pursuant to subsection (a) may be detailed to assist in carrying out the purposes of this title. The appropriation from which they are paid shall be reimbursed from the appropriation made pursuant to subsection (a) to the extent of their salaries and allowances for services performed while so detailed.

"(c) The Secretary of the Treasury shall include in his annual report to Congress a full account of the administration of this title."

We are of the opinion that the purpose clause of Title VI is sufficiently broad to include the position of director of Public Health Education providing approval of the Surgeon General of the U.S. Public Health service is acquired in accordance with section 802, subheading (d).

Article 4483, Revised Civil Statutes, 1925, reads as follows:

"The State Board of Health, from time to time, shall make rules and regulations for the care of persons suffering from communicable disease and for the prevention and spread of such diseases; and prepare bulletins and other publications giving information as to the cause, nature, treatment and prevention of disease. The board of managers, shall from time to time, purchase from the State Board of Health, at the actual cost of printing, printed copies of such rules and regulations, bulletins and other publications, or shall have same printed, and shall send or deliver such copies to all practicing

physicians in the county, to all public schools
and to such private schools as request such
copies, and such organizations, churches, socie-
ties, unions and individuals as may present writ-
ten requests for copies of circulars, pamphlets,
bulletins and such other publications prepared by
the State Board of Health."

From the above article it is clear that, although
the state does not provide for a director of Public Health
Education, it approves the function which such an official
would perform, and recognizes the necessity of the dissemi-
nation of health data and the education of the public in re-
gard to health matters. So as a matter of public policy there
is legislative endorsement for the general principle involved.

We find no inhibition in the General Departmental
Appropriation Bill, Senate Bill 427, against the employment of
a director of Public Health Education to be paid out of provid-
ed Federal funds.

The following provision is contained in the General
Departmental Appropriation Bill's general rider:

"No department or bureau included in this Act
shall use any of the funds appropriated to such
department or bureau, either directly or indi-
rectly, for the purpose of telephoning, telegraph-
ing or distributing either by hand or through the
mails, any literature, propaganda, letters or bulle-
tins, or any other matter printed or written or to
make any radio speech or speeches, whether trans-
cribed or not, or any other speech or speeches un-
der any circumstances which has the effect of publi-
cizing or directing attention to or tending to pub-
licize or direct attention to any individual, offi-
cial or employee of such department or bureau, or
of any other department or bureau. It is further
provided that no department or bureau shall main-
tain any publicity department or have in its employ
or under its direction any employee or other person
who has the title or who performs the duties or
functions of a public relations agent, publicity
agent or press agent. It is provided, however, that
none of these restrictions shall apply in the event
it becomes necessary, in the opinion of the head of
the department or bureau, as a proper function of the
department or bureau, or in the interest of the

general public, for such department or bureau, through any of its authorized agents, to issue any statements or impart any information by the usual methods, and in so doing, said statements shall be issued or information imparted in the name of such department of bureau and shall be issued under or have attached thereto the name of the official or agent authorized to issue the same, but shall not otherwise include the name of any individual, official or employee of such department or bureau or of any other department or bureau." (Underscoring ours)

In respect to the dissemination of public health information and statistics, the proviso contained in the underscored sentence of the section above quoted, is governing. The giving of information on health subjects to the public is a proper function of the State Board of Health. Such information is to the interest of the general public. A director of Public Health Education would not come within the prohibition of the second sentence which states that no department or bureau shall ---

"*** have in its employ or under its direction any employee or other person who has the title or who performs the duties or functions of a public relations agent, publicity agent or press agent. ***"

It is our opinion that the general rider of S.B. 427 contains no inhibition against the use of available Federal Funds under Title VI of the Social Security Act relating to public health work for the employment of a director of Public Health Education by the State Board of Health provided approval of the Surgeon General of the U. S. Public Health Service is obtained.

We have examined the two press release forms submitted for our approval and we wish to advise that we find nothing objectionable or in violation of the above quoted provision of S.B. 427 in either of them. We consider it essential, and the press would probably require before running the information, the name of the State Health Officer on the bulletin. A direct quotation of the State Health Officer in a press release is not objectionable on the grounds of "publicizing or directing attention to or tending to publicize or direct attention" to the State Health Officer inasmuch as it is a proper function of the State Health Officer to release vital health information to the public, and,

also, inasmuch as the press would require the use of his name as authority for official statements.

We approve both forms as being within the authority of the State Health Officer under Article 4483, Revised Civil Statutes, 1925, and the proviso of the above quoted section of S.B. 427.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Dick Stout
Dick Stout, Assistant

APPROVED SEP 30, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

DS:ob:wb